1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

4

5

6

7

8

9

OSCAR TRINIDAD and SUSAN
TRINIDAD, husband and wife,

Plaintiffs,

v.

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C13-5191 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION AND
RENOTING PLAINTIFFS'
MOTION

10

11     This matter comes before the Court on Defendant Metropolitan Property And

12     Casualty Insurance Company's ("Metropolitan") motion for summary judgment (Dkt. 9)

13     and Plaintiffs Oscar and Susan Trinidad's ("Trinidads") motion for summary judgment

14     (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to

15     the motions and the remainder of the file and hereby grants in part and denies in part

16     Metropolitan's motion and renotes the Trinidads' motions for the reasons stated herein.

17                          **I. PROCEDURAL HISTORY**

18         On February 13, 2013, the Trinidads filed a complaint against Metropolitan in

19     King County Superior Court for the State of Washington.  Dkt 1.  The Trinidads assert

20     claims for (1) violations of the Washington Insurance Fair Conduct Act, WAC 284-30 *et*

21     *seq*., (2) violations of the Washington Consumer Protection Act, RCW Chapter 19.86, (3)

22     bad faith, and (4) breach of duty to defend.  *Id*. Exh. 1.

1        On March 13, 2013, Metropolitan removed the matter to this Court.  *Id.*

2        On October 31, 2013, Metropolitan filed a motion for summary judgment.  Dkt. 9.

3 On November 18, 2013, the Trinidads responded.  Dkt. 11.  On November 21, 2013, the

4 Trinidads filed a motion for partial summary judgment.  Dkt. 15.  On November 22,

5 2013, Metropolitan replied.  Dkt. 18.  On December 6, 2013, Metropolitan responded to

6 the Trinidads' motion.  Dkt. 20.  On December 13, 2013, the Trinidads replied.  Dkt. 22.

7        **II. FACTUAL BACKGROUND**

8        This lawsuit arises out of the Trinidads' insurance claim they submitted to

9 Metropolitan and request for defense.  On May 7, 2010, the Trinidads filed a lawsuit in

10 state court against their neighbors for malicious harassment, outrage, negligent infliction

11 of emotional distress, intentional interference with a business relationship, defamation

12 and nuisance.  The neighbors filed a counterclaim against the Trinidads contending that

13 they had engaged in a pattern of surveillance and made false accusations against the

14 neighbors.  The subsequent undisputed timeline is as follows:

15
16
17
18
19
20
21
22
- A counterclaim was served on the Trinidads on or about 5/26/10.
- A claim and request for defense was tendered to their insurer, MetLife, on 6/1/10.
- The claim was assigned to Bette-Jon Schrade of MetLife on 6/2/10.
- Ms. Schrade spoke with Mr. Wathen, the Trinidads' attorney on the underlying litigation, on June 3, 2010.
- Also on June 3, 2010, Attorney Jack Rankin was contacted by MetLife to conduct a claims analysis and/or investigation.
- A certified copy of the policy and counterclaim was forwarded to Rankin only as of June 15, 2010.
- As late as October 3, 2010, Attorney Rankin advised Ms. Schrade the coverage opinion had been completed. It was also discussed that MetLife would defend under a Reservation of Rights and file a Declaratory Judgment Action, asking the Court to declare there was no coverage for the allegations contained in the counterclaim.

- On February 10, 2011, Ms. Schrade wrote to Mr. Wathen that MetLife would defend the Trinidads under a reservation of rights and may seek a declaratory judgment.
- On February 20, 2011, Johnson, Keay, Graffe, Moniz & Wick appeared as the defense firm provided by MetLife to defend the Trinidads on the counterclaim more than eight months after the claim was tendered.
- The counterclaim was dismissed subsequent to the appearance of Counsel provided by MetLife.

Dkt. 22 at 2.

## III. DISCUSSION

Metropolitan moves for summary judgment on damages. Dkt. 9. The Trinidads move for partial summary judgment on liability. Dkt. 15.

### A.    Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

1  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

2  626, 630 (9th Cir. 1987).

3         The determination of the existence of a material fact is often a close question. The

4  Court must consider the substantive evidentiary burden that the nonmoving party must

5  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

6  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

7  issues of controversy in favor of the nonmoving party only when the facts specifically

8  attested by that party contradict facts specifically attested by the moving party. The

9  nonmoving party may not merely state that it will discredit the moving party's evidence

10 at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

11 *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

12 nonspecific statements in affidavits are not sufficient, and missing facts will not be

13 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

14 **B.    Metropolitan's Motion**

15        Metropolitan moves for summary judgment on the Trinidads' claims for bad faith,

16 violation of the CPA, violation of IFCA, and for breach of contract. Dkt. 9.

17        **1.    Bad Faith**

18        Bad faith usually creates a presumption of harm which the insurer must rebut.

19 *Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr. Inc.*, 161 Wn.2d 903, 924–25

20 (2007). The presumption may be rebutted by showing that the insured "ultimately

21 suffered no harm resulting from [the insurer's] breach of its duties . . . ." *Ledcor*

22 *Industries (USA), Inc. v. Mutual of Enumclaw Ins. Co.*, 150 Wn. App. 1, 11 (2009).

1    In this case, Metropolitan argues that the Trinidads ultimately suffered no harm as

2  a result of the alleged breach of Metropolitan's duties.  Dkt. 9 at 7–9.  The Trinidads

3  counter that they suffered unnecessary legal expense and emotional damages because of

4  Metropolitan's bad faith.  Dkt. 11 at 11–15.  With regard to the legal fees, Metropolitan

5  paid the Trinidads' attorney directly for all the fees that he billed.[1]  Although the

6  Trinidads assert that the amount of reimbursement "does not appear to equate to the total

7  actually billed," the Trinidads have failed to submit admissible evidence in support of this

8  assertion.  Therefore, the Trinidads have failed to show damages resulting from

9  unnecessary legal fees.

10    With regard to the emotional damages, emotional damages are recoverable for an

11  insurer's bad faith.  *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 333

12  (2000).  Metropolitan argues that the Trinidads have failed to submit sufficient,

13  admissible evidence in support of their allegations of emotional damages.  Dkt. 18 at 6–7.

14  The Court disagrees.  For example, Mrs. Trinidad declares that "they participated in

15  counseling and continued to receive professional therapeutic help for the emotional fall-

16  out from the struggles we were going through."  Dkt. 13, Declaration of Susan Trinidad,

17  ¶ 12.  Taking the facts and inferences in the light most favorable to the Trinidads, the

18  Court finds that they have submitted sufficient evidence to create material questions of

19  ───────────────

20    [1] While Mr. Trinidad asserts that he was forced to function as his own attorney (Dkt. 14, ¶ 6), the record is not currently developed on the issue of whether Mr. Wathen had agreed to
21  undertake defense of the counterclaim pending the response from Metropolitan on the tender of defense.  The evidence does seem to support that Mr. Wathen billed for these services, such as reviewing the counterclaim, but did not require payment from the Trinidads.  In other words,
22  evidence of the arrangement that was made for Mr. Wathen's engagement and method of compensation are not before the Court.

1  fact on the issue of whether they suffered emotional damages as a result of

2  Metropolitan's alleged bad faith.  Therefore, the Court denies Metropolitan's motion on

3  the Trinidads' claim for bad faith.

4  **2.    CPA**

5  An essential element of a CPA claim is injury to business or property.  *Ledcor*,

6  150 Wn. App. at 12–13.  "The injury element will be met if the consumer's property

7  interest or money is diminished because of the unlawful conduct even if the expenses

8  caused by the statutory violation are minimal."  *Mason v. Mortgage America, Inc.*, 114

9  Wn.2d 842, 854 (1990).  However, "reimbursement for lost wages and earning capacity,

10  medical expenses and damage to her car, arise from personal injuries and . . . are not

11  injuries to 'business or property' as contemplated by the CPA."  *Hiner v.*

12  *Bridgestone/Firestone, Inc.*, 91 Wn. App. 772 (1998), *reversed in part on other grounds*,

13  138 Wn.2d 248 (1999).

14  In this case, Metropolitan argues that the Trinidads have failed to show injury to

15  their business or property.  Dkt. 9 at 9–12.  The Court agrees.  First, the Trinidads have

16  failed to submit admissible evidence in support of their allegation that they incurred fees

17  and expenses when they acted as their own attorney.  *Lujan v. Nat'l Wildlife Fed'n*, 497

18  U.S. at 888–89 (Conclusory, nonspecific statements in affidavits are not sufficient, and

19  missing facts will not be presumed.).  Second, although they incurred attorney fees, they

20  never paid the attorney.  Thus, their finances were never diminished.  Third, the Trinidads

21  may not recover medical expenses for their treatment during the period of the alleged bad

22

1  faith.  Therefore, the Court grants Metropolitan's motion for summary judgment on the

2  Trinidads' CPA claim.

3       **3.**     **Breach of Contract**

4       Damages are a necessary element of a breach of contract claim.  *Jacob's Meadow*

5  *Owners Ass'n v. Plateau,* 44 II, LLC, 139 Wn. App. 743, 754 (2007).  Emotional distress

6  damages are not recoverable in a breach of contract action.  *Gaglidari v. Denny's*

7  *Restaurants, Inc.*, 117 Wn.2d 426 (1991).

8       In this case, Metropolitan argues that the Trinidads have failed to show that they

9  have suffered cognizable damages for their breach of contract claim.  Dkt. 9 at 13–14.

10 The Court agrees.  Being *billed* for attorney work is not financial damage. Working on

11 your own case is not financial damage.  The final category of alleged damages, emotional

12 distress, is not cognizable in contract.  Therefore, the Court grants Metropolitan's motion

13 on the Trinidads' claim for breach of contract.

14      **4.**     **IFCA**

15      Neither  RCW 48.30.010 nor the WAC create a private right of action for isolated

16 violations of WAC insurance provisions.  *Escalante v. Sentry Ins.*, 49 Wn. App. 375, 388

17 (1987); *review denied*, 109 Wn.2d 105 (1988), *overruled on other grounds*, *El/wein v.*

18 *Hartford Accident & Indemnity Co.*, 142 Wn.2d 766 (2001). Rather, private causes of

19 action for violations of the insurance regulations must be brought under the CPA.

20 *Escalante*, 49 Wn. App. at 390.

21      In this case, the Court grants Metropolitan's motion for summary judgment on the

22 Trinidads' CPA claim because of a lack of damages.  It follows that Metropolitan is

1    entitled to summary judgment on the Trinidads' IFCA claim for the same reason.

2    Therefore, the Court grants Metropolitan's motion on this claim.

3    **C.    The Trinidads' Motion**

4         The Trinidads move for summary judgment on the issue of liability for their bad

5    faith claim, their IFCA claim, and their CPA claim.  The Court, however, will only

6    consider the bad faith claim because the statutory claims will be dismissed.  On this

7    claim, Metropolitan rests on its contention that the Trinidads have failed to establish

8    damages.  Dkt. 20 at 9–11.  In light of the denial of Metropolitan's motion on this issue,

9    the seriousness of a finding of bad faith, and the early state of this proceeding, the Court

10   finds that the Trinidads' motion should be renoted and requests additional briefing to

11   decide the issue of liability on the merits.   Therefore, the Trinidads' motion is hereby

12   renoted for consideration on the Court's January 10, 2014 calendar.  The parties may file

13   supplemental briefs pursuant to the local rules governing responses and replies.

14                                    **IV. ORDER**

15        Therefore, it is hereby **ORDERED** that Metropolitan's motion for summary

16   judgment (Dkt. 9) is **GRANTED in part** and **DENIED in part** and the Trinidads'

17   motion for summary judgment (Dkt. 15) is **RENOTED** as stated herein.

18        Dated this 19th day of December, 2013.

19

20   _____

21   BENJAMIN H. SETTLE
     United States District Judge

22