# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

OSCAR TRINIDAD and SUSAN TRINIDAD, husband and wife,

Plaintiffs,

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C13-5191 BHS

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs Oscar and Susan Trinidad's ("Trinidads") motion for summary judgment (Dkt. 15) and motion for reconsideration (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 13, 2013, the Trinidads filed a complaint against Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan") in King County Superior Court for the State of Washington. Dkt 1. The Trinidads assert claims for (1) violations of the Washington Insurance Fair Conduct Act, WAC 284-30, *et seq*.

ORDER - 1

("IFCA"), (2) violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), (3) bad faith, and (4) breach of duty to defend. *Id*. Exh. 1.

On March 13, 2013, Metropolitan removed the matter to this Court. *Id*.

On October 31, 2013, Metropolitan filed a motion for summary judgment. Dkt. 9. On November 18, 2013, the Trinidads responded. Dkt. 11. On November 21, 2013, the Trinidads filed a motion for partial summary judgment. Dkt. 15. On November 22, 2013, Metropolitan replied. Dkt. 18. On December 6, 2013, Metropolitan responded to the Trinidads' motion. Dkt. 20. On December 13, 2013, the Trinidads replied. Dkt. 22.

On December 19, 2013, the Court granted in part and denied in part Metropolitan's motion; dismissed the Trinidad's IFCA, CPA, and breach of the duty to defend claims; and renoted the Trinidad's motion. Dkt. 23. On January 2, 2014, the Trinidads filed a motion for reconsideration of the portion of the Court's order that granted summary judgment. Dkt. 24. On January 6, 2013, Metropolitan filed a supplemental response to the Trinidads' motion. Dkt. 26. On January 9, 2013, the Trinidads filed a supplemental reply. Dkt. 28.

## II. FACTUAL BACKGROUND

This lawsuit arises out of the Trinidads' insurance claim they submitted to Metropolitan and request for defense. On May 7, 2010, the Trinidads filed a lawsuit in state court against their neighbors for malicious harassment, outrage, negligent infliction of emotional distress, intentional interference with a business relationship, defamation and nuisance. The neighbors filed a counterclaim against the Trinidads contending that

they had engaged in a pattern of surveillance and made false accusations against the neighbors. The subsequent undisputed timeline is as follows:

- A counterclaim was served on the Trinidads on or about 5/26/10.
- A claim and request for defense was tendered to their insurer, MetLife, on 6/1/10.
- The claim was assigned to Bette-Jon Schrade of MetLife on 6/2/10.
- Ms. Schrade spoke with Mr. Wathen, the Trinidads' attorney on the underlying litigation, on June 3, 2010.
- Also on June 3, 2010, Attorney Jack Rankin was contacted by MetLife to conduct a claims analysis and/or investigation.
- A certified copy of the policy and counterclaim was forwarded to Rankin only as of June 15, 2010.
- As late as October 3, 2010, Attorney Rankin advised Ms. Schrade the coverage opinion had been completed. It was also discussed that MetLife would defend under a Reservation of Rights and file a Declaratory Judgment Action, asking the Court to declare there was no coverage for the allegations contained in the counterclaim.
- On February 10, 2011, Ms. Schrade wrote to Mr. Wathen that MetLife would defend the Trinidads under a reservation of rights and may seek a declaratory judgment.
- On February 20, 2011, Johnson, Keay, Graffe, Moniz & Wick appeared as the defense firm provided by MetLife to defend the Trinidads on the counterclaim more than eight months after the claim was tendered.
- The counterclaim was dismissed subsequent to the appearance of Counsel provided by MetLife.

Dkt. 22 at 2.

## III. DISCUSSION

**A.     Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, the Trinidads move for reconsideration based on new evidence. The evidence, however, could have been brought to the Court's attention earlier with reasonable diligence because Mr. Wathen's lien on the Trinidads' settlement funds was known to the Trinidads when they filed their response to Metropolitan's motion. Such failure to submit this evidence is sufficient reason alone to deny the motion. Nonetheless, even if the Court considers the evidence, the Trinidads have failed to establish that they were harmed.

First, the Trinidads contend that they have been damaged because Mr. Wathen's fees are recoverable as *damages*. Dkt. 24 at 3 (citing *Jacob's Meadow Owners Ass'n v. Plateau 44 II*, LLC, 139 Wn. App. 743 (2007)). In *Jacob's Meadow*, the court held that "attorney's fees recoverable pursuant to a contractual indemnity provision are an element of damages, rather than costs of suit." 139 Wn. App. at 760. As such, the fees must be proven to a jury and not decided by the trial judge. *Id*. at 762. The characterization of damages, however, is completely different than the fact of actual damages. On the latter issue, the Trinidads have failed to show that being billed for fees that were ultimately paid by Metropolitan results in actual damages. Therefore, the Court denies the Trinidads' motion on this issue.

Second, the Trinidads argue that they were damaged by the attorney lien that Mr. Wathen placed on their settlement funds in the underlying action. The Trinidads received notice of the lien on July 12, 2012 (Dkt. 25, ¶ 10), Metropolitan issued the reimbursement check on September 4, 2012 (Dkt. 21, Exh. 9), and the lien currently remains on the

Trinidads' settlement funds (Dkt. 25, ¶ 12). The Court finds that no reasonable juror would conclude that the Trinidads suffered financial damage during the approximately two months that Mr. Wathen filed the lien and Metropolitan issued a check to the Trinidads. Moreover, the Trinidads may be misleading the Court as to the effect of the lien on the settlement funds. The Court may take judicial notice of public documents, and the Court accessed the underlying electronic docket.[1] According to that docket, a notice of settlement was filed on August 30, 2012 and the funds were deposited on June 20, 2013. Based on this information, it appears that Metropolitan reimbursed the Trinidads almost nine months before they had access to the settlements funds, which would result in no damages whatsoever. Therefore, the Court denies the Trinidads' motion for reconsideration.

**B.      Summary Judgment**

The Trinidads move for summary judgment on the issue of liability for their remaining claim of bad faith. Dkt. 15. "If . . . reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 486 (2003).

In this case, the Court finds that reasonable minds could differ whether Metropolitan's conduct was reasonable. At most, Metropolitan delayed appointing an attorney while the Trinidads were represented by Mr. Wathen. Reasonable jurors could

---

[1] https://linxonline.co.pierce.wa.us/linxweb/Case/CivilCase.cfm?cause_num=10-2-10482-3.

find that Metropolitan's conduct in diligently investigating the claim was reasonable. Therefore, the Court denies the Trinidads' motion for summary judgment on liability.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Trinidads' motion for summary judgment (Dkt. 15) and motion for reconsideration (Dkt. 24) are **DENIED**.

Dated this 16th day of January, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge